UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEKSANDER RANDJELOVICH,<br><br>Defendant. | No. 2:13-CR-00403-TLN<br><br>**RESTITUTION ORDER** |

On January 22, 2015, Defendant Aleksander Randjelovich ("Defendant") was sentenced to a term of 98 months imprisonment pursuant to his plea of guilty in violation of 18 U.S.C. § 2252(a)(2). At the time of his sentencing, the Court instructed that restitution would be determined at a later date. (Judgment and Commitment, ECF No. 40.) The United States of America ("Government") filed a brief seeking restitution for three named individuals. (ECF No. 44.) Counsel for Defendant submitted an opposition to the Government's brief. (ECF No. 47.) The Court held a hearing on this matter on May 28, 2015 and the matter was submitted.[1]

---

[1] The Court heard oral argument on the Government's brief for order of restitution (ECF No. 44), and the matter was submitted. Attorney Josh Sigal was present on behalf of the Government. Defense counsel Michael Aye was present. Defendant was not present and waived his right to appear. In its analysis, the Court will not recount the oral argument made by parties or other information entered into the record at the May 28, 2015 hearing except to the extent needed to provide support for the Court's reasoning.

**I.     FACTS**

The parties identified three individuals seeking restitution under 18 U.S.C. § 2259, using the pseudonyms "Angela," "Andy," and "Sarah." With respect to Angela, the Government proposes a restitution amount in the range of $11,201.15 to $15,078.45. The Government reached this number by dividing Angela's total future losses ($366,000 to $587,000) by the estimated total standing number of restitution orders (57), resulting in a range of $6,421.05 to $10,298.25. The Government then added $4,780.20, the amount in legal fees and expenses proximately caused by Defendant, to the total amount. (ECF No. 44 & ECF No. 44-1.)

With respect to Andy, the Government proposes a restitution amount of $10,000. The Government reached this amount by examining a table of restitution orders awarded to Andy and finding that they ranged from $1000 to $10,000. The Government also considered that Andy requested an amount of $58,415.00 ($25,000 plus $33,415 in fees), while Andy's total estimated future losses totaled over $2 million, with 16 existing restitution orders. (ECF No. 44 & ECF No. 44-2.)

With respect to Sarah, the Government proposes a restitution amount of $26,500. The Government reached this amount by examining a table of restitution orders awarded to Sarah and finding that they ranged from $500 to $27,319.73. The Government also considered that Sarah, in her restitution request, seeks an amount of $25,000 in addition to $1,500 in attorneys' fees. (ECF No. 44 & ECF No.44-3.)

**II.    STANDARD OF LAW**

18 U.S.C. § 2259(b)(4) provides that restitution is mandatory for all offenses involving sexual exploitation of a child. 18 U.S.C. § 2259(b)(4) ( "The issuance of a restitution order under this section is mandatory."). A victim is defined to include "the individual harmed as a result of a commission of the crime under this chapter ...." 18 U.S.C. § 2259(c). Restitution is required for the "full amount of the victim's losses." 18 U.S.C. § 2259(b) (1). Section 2259(b)(3) provides:

> For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred by the victim for-

2

(A) medical services relating to physical, psychiatric, or psychological care;

(B) physical and occupational therapy or rehabilitation;

(C) necessary transportation, temporary housing, and child care expenses;

(D) lost income;

(E) attorneys' fees, as well as other costs incurred;

(F) and any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(3).

In *Paroline v. United States*, 134 S. Ct. 1710 (2014), the Supreme Court addresses "how to determine the amount of restitution a possessor of child pornography must pay to the victim whose childhood abuse appears in the pornographic materials possessed." *Id.* at 1716. In that case, the Supreme Court suggests that courts consider "the amount of the victim's losses caused by the continuing traffic in the victim's images" and then "set an award of restitution in consideration of factors that bear on the relative causal significance of the defendant's conduct in producing those losses." Those factors include, "the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved … ; whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role." *Id.* at 1728. However, *Paroline* does note that there is no precise algorithm to be used and that calculation of a restitution amount is within the Court's discretion. *Id.*

**III.   RULING**

Defendant knowingly possessed visual depictions of minors engaged in sexually explicit conduct. Defendant states that he was found to be in possession of four video files related to Angela, one video file related to Andy, and three image files related to Sarah. (Def.'s Restitution Mem., ECF No. 47 at 1.) The Presentence Report also indicates that Defendant downloaded the materials using peer-to-peer software, which provided other individuals the opportunity to

download the materials from his computer. (ECF No. 34 at 13.)  However, Defendant maintains that the settings on his computer heavily discouraged other individuals from downloading files from his computer.[2]  (ECF No. 47 at 3–4.)

Each of the individuals seeking restitution was identified in the material possessed by Defendant.  The Court finds that Defendant's offense conduct has caused harm to the three individuals seeking restitution in this case, qualifying each individual is a "victim" entitled to restitution under 18 U.S.C. § 2259.  The cause of the general losses claimed by the victims in this case is the possession of their images.  The materials in the record establish a causal connection between Defendant's knowing possession of visual depictions of minors engaged in sexually explicit conduct and the losses suffered by each victim as a result of the offense. Therefore, the Court finds that restitution is appropriate in this case.

Assessing the factors suggested in *Paroline*, the Court finds that the estimates offered by the Government failed to consider the "relative causal significance of the defendant's conduct in producing those losses,…the number of past criminal defendants found to have contributed to the victim's general losses[, and] reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses." *Paroline*, 134 S.Ct. at 1728.  As a guideline for determining restitution, this Court looks to the representations of the victims' losses and the specific facts of this case, as well as the restitution charts submitted by the Government (ECF No. 44-1, 44-2, 44-3) and the reasoning applied by other courts within the Ninth Circuit.[3]

/ / /

/ / /

---

[2] Defendant states that, after downloading files, he would immediately move them to a different folder on his computer that was not accessible by the peer-to-peer program, he adjusted the settings on the program to permit only one individual to download files at a time, and he set a low upload limit so that downloads by others would take a long time. (ECF No. 47 at 3–4.)

[3] Although the Government states that Angela has documented $4,780.20 in legal fees and expenses proximately caused by this defendant (ECF No.44 at 4) and that Sarah seeks $1,500 in attorneys' fees (ECF No. 44 at 6), the Government does not provide any evidence to support its assertion.  In addition, although Andy states that he has incurred $33,415 in costs proximately caused by this Defendant, he does not specify attorneys' fees. (ECF No. 34-2.) Without specific documentation as to attorneys' fees, the Court cannot rely solely on these amounts in calculating restitution.  Instead, the Court intends to follow the directive of the Supreme Court in *Paroline* and reach a final restitution amount that takes into consideration all the losses contemplated under 18 U.S.C. § 2259(b)(3).

**a. "Angela"**

The Government states:

> Angela estimates her total future losses to be between $366,000 and $587,000. This estimate is based on the following figures: (1) $50,000 to $60,000 in future outpatient therapy expenses, (2) $18,750 to $25,000 in future medication costs, (3) $54,250 to $88,500 in future family, martial [sic] and victim therapy costs, and (4) $60,000 to $120,000 in future educational costs stemming from her psychiatric problems related to her abuse. Additionally, she has documented $4,780.20 in legal fees and expenses proximately caused by this defendant.

(ECF No. 44 at 6.)

In *U.S. v. Massa*, the court assessed restitution for Angela using similar loss estimates. *United States v. Massa*, No. 14CR471 WQH, 2014 WL 6980503, at *4-5 (S.D. Cal. Dec. 9, 2014) (Hayes, J.). In its calculations, the court stated that Angela estimated her total losses at over $300,000, with $12,000-16,000 in losses and attorney fees attributable to the particular defendant in that case. *Id*. at *4. Considering the fact that the defendant possessed over 85 images of Angela, which were available for distribution though his file sharing system, the court ordered $8,000 in restitution. *Id.* at *5.

When reviewing the restitution chart provided by the Government in this case, the Court finds that the median restitution amount of those amounts awarded for possession and receipt of material related to Angela equals $2000. (ECF No. 44-1 at 2–5.) However, the restitution chart does not provide any context, such as the number of files in defendants' possession, that would allow the Court to assess the individual severity of each case. Therefore, the Court considers the chart to be a loose guideline for restitution.

Defendant in this case possessed four video files related to Angela. While Defendant did use a file sharing system, he states that he attempted to ensure that the system would either prevent or discourage others from downloading his materials. Based on the limited similarities between the defendant in *Massa* and this case and the restitution guideline provided by the restitution chart, this Court determines $4000.00 is an appropriate amount of restitution.

/ / /

**b. "Andy"**

The Government states that Andy estimates his future losses at over $2 million.  (ECF No. 44 at 6.)  "This amount consists of (1) psychological counseling costs of $267,038 and (2) future lost income of $1,854,925. Additionally, Andy requests $33,415 in fees proximately caused by this particular defendant. This amount consists of (1) $29,000 for a forensic psychological exam, and (2) $4,415 for an econometric calculation of losses compiled by an economic consulting firm." (ECF No. 44 at 6.)  In *U.S. v. Massa*, the court assessed restitution for Andy on similar loss estimates. *Massa*, 2014 WL 6980503, at *6–7.  Finding that the defendant in that case possessed two images of Andy and that the file sharing system on his computer would have contributed to the distribution of those images, the court determined $1000 was an appropriate restitution amount.

The restitution chart provided by the Government indicates that $1500 is the median restitution amount for awards involving receipt and possession of these images.  (ECF No. 44-2 at 2.)  However, as previously stated, the restitution chart fails to indicate the contextual factors involved in the restitution amounts, such as the number of images or the risk of distribution of this images.

Defendant in this case possessed one video file related to Andy.  Defendant also states that he attempted to ensure that his file sharing system would either prevent or discourage others from downloading his materials.  Based on the limited similarities between the defendant in *Massa* and this case and the restitution guideline provided by the restitution chart, this Court determines $1000.00 is an appropriate amount of restitution.

**c. "Sarah"**

The Government indicates that Sarah seeks a restitution amount of $25,000, in addition to $1,500 in attorneys' fees, although the Government indicates her overall lost amount is as high as $3,279,861.  (ECF No. 44 at 7.)  The Court was unable to find case law discussing restitution amounts awarded to Sarah.   However, the Government indicates that there have been only eight restitution orders, with a median restitution amount of $5,318 in cases of possession and receipt.  (ECF No. 44-3 at 2.)  Again, the restitution chart does not provide contextual information, and

restitution amounts for possession and receipt vary widely between the cases, from $500 to $27,000.

In this case, Defendant possessed three image files of Sarah. As with the other images, Defendant sought to limit redistribution of these files through the settings on his file sharing program. This information would suggest a restitution amount similar to those reached with respect to Andy and Angela. However, *Paroline* indicates that the Court should consider "the number of past criminal defendants found to have contributed to the victim's general losses[, and] reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses." *Paroline*, 134 S.Ct. at 1728. In this case, it appears that, while Sarah's estimated losses are similar to Andy and Angela, there are fewer offenders from which she stands to recover. Therefore, it is appropriate in this case to award a restitution amount of $6000.

The Court finds a total restitution amount of $11,000 – $4000 to Angela, $1000 to Andy, and $6000 to Sarah. The Defendant shall begin payment of restitution immediately. Restitution is to be sent to the Clerk of the Court, who shall forward it to the victims as indicated. Payment of restitution is due during imprisonment at the rate of not less than $25 per quarter, and payment shall be made through the Bureau of Prisons Inmate Financial Responsibility Program. The interest is hereby waived.

**IT IS SO ORDERED.**

Dated: July 6, 2015

Troy L. Nunley
United States District Judge